IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**HANCOCK BANK**                                                                                      **PLAINTIFF**

**V.**                                                          **CIVIL ACTION NO. 2:16-CV-108-KS-MTP**

**WILLOW SPRINGS ENTERPRISES,**
**INC.,** *et al.*                                                                                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **grants** Plaintiff's Motion for Partial Summary Judgment [8].

### I. BACKGROUND

This is a breach of contract case arising from several promissory notes and guaranty agreements. In June 2015, Defendant Richard Keller executed a Promissory Note ("Note 1") in favor of Plaintiff on behalf of Defendant Willow Springs Enterprises, Inc. ("Willow") in a principal amount of $525,089.39. Exhibit 1 to Motion for Partial Summary Judgment at 5-6, *Hancock Bank v. Willow Springs Enters., Inc.*, No. 2:16-CV-108-KS-MTP (S.D. Miss. Nov. 16, 2016), ECF No. 9-1. Willow agreed to pay Plaintiff the principal, plus interest of 4.95% per annum in 59 monthly payments beginning on July 4, 2015. *Id.* Note 1 also provided for late charges in the event of late payments, increased interest after default, and court costs and attorney's fees incurred to collect unpaid amounts due. *Id.*

On the same day, Keller executed another Promissory Note ("Note 2") in favor of Plaintiff on behalf of Willow in a principal amount of $186,380.00. *Id.* at 9-10. Note 2 provided for monthly interest payments beginning on July 10, 2015, and a single

payment of principal and interest on September 10, 2015. *Id.*

On the same day that Keller executed Notes 1 and 2 on behalf of Willow, Defendants Keller, Bulls Eye Express, Inc. ("Bulls Eye"), Larsen & Keller, LLC ("Larsen"), and R. L. Kelco, Inc. ("Kelco") executed Commercial Guaranty agreements. *Id.* at 11-22. Under the Guaranties, each Guarantor guaranteed repayment of Willow's obligation under Note 1 and any future indebtedness and agreed to pay Plaintiff's costs and attorney's fees incurred in enforcing the Guaranties. *Id.*

In September 2015, Keller executed another Promissory Note ("Note 3"), refinancing the loan made under Note 2. *Id.* at 7-8.[1] Willow agreed to pay Plaintiff the principal amount of $191,771.80, plus interest at a rate of 5% per annum in 35 monthly payments beginning on October 24, 2015. *Id.* Note 3 also provided for late charges in the event of late payments, increased interest after default, and court costs and attorney's fees incurred to collect unpaid amounts due. *Id.*

On June 6, 2016, Willow defaulted. Plaintiff accelerated the debt and demanded payment from Willow and the Guarantors. Neither Willow nor the Guarantors have paid the debt.

Plaintiff initiated this litigation, asserting claims of breach of contract, fraud, and tortious breach of contract. It filed a Motion for Partial Summary Judgment [8] on

---

[1]Throughout briefing and in its supporting exhibit, Plaintiff referred to the third Promissory Note, which refinanced the second Promissory Note, as "Note 2." In order to clearly delineate between the second Promissory Note, which was paid in full, and the third Promissory Note, which is the subject of this litigation, the Court will refer to the third Promissory Note as "Note 3."

its breach of contract claims. Defendants did not respond, and the motion is ripe for review.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010). The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138.

Defendants did not respond to Plaintiff's motion, but Plaintiff must still satisfy its "initial burden of demonstrating that the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *John v. Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985). If Plaintiff "fails to discharge this burden, summary judgment must be denied – even if the nonmoving party has not responded to the motion." *Id*.

### III. DISCUSSION

A plaintiff asserting a breach of contract claim has the burden of proving "by a preponderance of the evidence: 1. the existence of a valid and binding contract; and 2. that the defendant has broken, or breached it . . . ." *Bus. Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1224-25 (Miss. 2012). Monetary damages are not an element of a breach of contract claim. *Id.* at 1225. Instead, damages are a remedy for the breach. *Id.*

#### A.     *Breach of the Notes*

In their Answer [4], Defendants admitted that Willow executed Note 1 and Note 3. *See* Answer at 4, *Hancock Bank v. Willow Springs Enters., Inc.*, No. 2:16-CV-108-KS-MTP (S.D. Miss. Sept. 19, 2016), ECF No. 4. Likewise, Defendants admitted that Willow defaulted under Notes 1 and 3. *Id.* at 4-5. Therefore, the Court finds that Plaintiff has demonstrated that there is no genuine dispute of material fact as to its breach of contract claim against Defendant Willow Springs Enterprises, Inc. arising from Notes 1 and 3, and that Plaintiff is entitled to judgment as a matter of law.

#### B.     *Breach of the Guaranties*

Defendants admitted in their Answer [4] that Keller, Bulls Eye, Larsen, and Kelco executed the Guaranties. *Id.* at 4. Plaintiff presented an affidavit from one of its Vice-Presidents, Richard D. Buntin. *See* Exhibit 1 [9-1]. Buntin confirmed that Keller, Bulls Eye, Larsen, and Kelco executed the Guaranties. *Id.* at 3. He also stated that Plaintiff demanded full payment from the Guarantors on June 21, 2016 – after Willow had defaulted on the Notes – but that the Guarantors had not paid the debt. *Id.* at 3-4.

Each Guaranty provides that the "GUARANTOR AGREES TO GUARANTEE

4

THE FULL AND PUNCTUAL PAYMENT, PERFORMANCE AND SATISFACTION OF THE INDEBTEDNESS OF BORROWER TO LENDER NOW EXISTING OR HEREAFTER ARISING OR ACQUIRED . . . ." *Id.* at 11, 14, 17, 20. The Guaranties also provide that the Guarantors "will make any payments to Lender . . . and will otherwise perform Borrower's obligations under the Note and Related Documents." *Id.* Therefore, the Guarantors agreed to guarantee both Note 1 and Note 3, and fulfill any of Willow's obligations thereunder – including full payment of the accelerated debt.

It appears to be undisputed that the Guarantors did not pay the debt. Therefore, the Court finds that Plaintiff has demonstrated that there is no genuine dispute of material fact as to its breach of contract claims against Defendants Richard L. Keller, Bulls Eye Express, Inc., Larsen & Keller, LLC, and R. L. Kelco, Inc. arising from the Commercial Guaranties, and that Plaintiff is entitled to judgment as a matter of law.

## C.  *Damages*

Plaintiff presented undisputed evidence that, as of November 16, 2016, the balance owing on Note 1 was $476,479.41 – $438,685.98 of principal, $35,917.26 of interest, and $1,876.17 of late fees – and that the debt is accruing interest at the post-default rate of 18% per annum, or $219.34 per diem. *Id.* at 4. Plaintiff also presented undisputed evidence that, as of November 16, 2016, the balance owing on Note 3 was $171,153.23 – $156,877.39 of principal, $12,904.14 of interest, and $1,371.70 of late fees – and that the debt is accruing interest at the post-default rate of 18% per annum, or $78.44 per diem.

Therefore, Plaintiff is entitled to a judgment against Defendants in the amount

of $647,623.64, plus the post-default interest which has accrued since November 16, 2016, and will continue to accrue until the debt is paid.

"In breach of contract cases, attorney fees generally are not awarded absent provision for such in the contract or a finding of conduct so outrageous as to support an award of punitive damages." *Sentinel Indus. Contr. Corp. v. Kimmins Indus. Serv. Corp.*, 743 So. 2d 954, 971 (Miss. 1999); *see also Garner v. Hickman*, 733 So. 2d 191, 198 (Miss. 1999); *Barnes, Broom, Dallas and McLeod, PLLC v. Cappaert*, 991 So. 2d 1209, 1214 (Miss. Ct. App. 2008). The Notes provide: "Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses . . . ." Exhibit 1 [9-1], at 5, 7. The Guaranties provide: "Guarantor agrees to pay upon demand all of Lender's costs and expenses, including Lender's attorneys' fees and Lender's legal expenses incurred in connection with the enforcement of this Guaranty." *Id.* at 12, 15, 18, 21. Therefore, Plaintiff is entitled to recoup from Defendants its attorney's fees and costs in enforcing the Notes and Guaranties.

### III. CONCLUSION

For these reasons, the Court **grants** Plaintiff's Motion for Partial Summary Judgment [8] as provided above. The Court will enter a final judgment in Plaintiff's favor as to the breach of contract claims upon resolution of its remaining claims.

SO ORDERED AND ADJUDGED, on this, the ___27th___ day of January, 2017.

                                         <u>s/Keith Starrett</u>
                                        UNITED STATES DISTRICT JUDGE